## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS SHEFLYAND, *et al.*, | ) | Case No. 1:26-cv-1316 |
| | ) | |
| Plaintiffs, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| INTEGON GENERAL INSURANCE | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

On June 8, 2026, Defendant removed this action from State court. Among other things, the complaint asserts contract claims under Ohio law. Defendant alleges that jurisdiction is proper under 28 U.S.C. § 1332 because the dispute is between citizens of different States and the amount in controversy exceeds $75,000.00. Plaintiffs move to remand the action to State court. For the following reasons, the Court **DENIES** that motion.

## FACTUAL BACKGROUND

Plaintiffs Dennis and Svetlana Sheflyand own a house in Solon, Ohio in Cuyahoga County. (ECF No. 1-1, ¶ 1, PageID #9.) Plaintiffs insured their house with National General, and Defendant Integon General Insurance Corporation underwrote the policy. (*Id.*, PageID #19.) The house had a high value and was insured for nearly $3.77 million in dwelling coverage. (*Id.*, ¶ 13, PageID #11.)

At the beginning of May 2025, there were severe storms near Plaintiffs' house, including reported hail.  (*Id.*, ¶ 9, PageID #10.)  After the storm, Plaintiffs observed damage to the roof and exterior of their house.  (*Id.*, ¶ 11.)  Therefore, on May 13, 2025, Plaintiffs filed a claim with their insurance company reporting the damage.  (*Id.*, ¶ 12, PageID #11.)

Following the claim, Defendant retained an engineering company to inspect the property on June 23, 2025to determine the extent of hail damage, if any, to the roof and gutters.  (*Id.*, ¶¶ 15 & 17.)  Based on that inspection, on July 16, 2026, Defendants determined that the storm did not cause the roof damage denied coverage of the claim.  (*Id.*, ¶ 21, PageID #12.)  In August 2025, Plaintiffs attempted to invoke the appraisal provision under the insurance contract, but Defendant rejected the demand.  (*Id.*, ¶¶ 22–24.)

Plaintiffs then retained counsel to seek coverage for the claim.  (*Id.*, ¶¶ 25–28.)  Counsel obtained a secondary inspection in November 2025.  (*Id.*)  Based on that inspection, on February 2, 2026, Defendants again concluded that there was no evidence of widespread damage to the house and denied coverage.  (*Id.*, ¶ 30, PageID #12–13.)

## STATEMENT OF THE CASE

On May 1, 2025, Plaintiffs filed this action in the Cuyahoga County Court of Common Pleas.  (*Id.*, PageID #8.)  Defendants removed the case to federal Court on June 8, 2026.  (ECF No. 1.)  Defendant invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332.  (*Id.*, ¶¶ 6–7, PageID #2.)  In doing so, Defendants allege that

Plaintiffs are citizens and residents of Ohio and Integon General Insurance is a corporation organized under the laws of the State of North Carolina with its principal place of business in North Carolina. (*Id.*, ¶¶ 9–10.) In Defendant's corporate disclosure statement, it indicates that Integon General Insurance is a wholly owned subsidiary of National General Insurance Company, which is a wholly owned subsidiary of Allstate Insurance Company. (ECF No. 2, PageID #203–04.) Defendant represents that National General Insurance is a citizen of North Carolina and Allstate Insurance is a citizen of Illinois. (*Id.*)

Plaintiffs move to remand the case to State court. (ECF No. 5.) They argue that Defendant failed to establish complete diversity and that Defendants fail to establish that the amount in controversy exceeds the jurisdictional threshold. (*Id.*, PageID #210.) Additionally, Plaintiffs argue that the removal was procedurally defective because the removal papers do not comply with 28 U.S.C. § 1446(a), which requires that all process and returns from the State court be attached to the notice of removal. (*Id.*)

## ANALYSIS

Federal courts have limited jurisdiction, possessing only the power that the Constitution and Congress authorize. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A defendant may remove a case to federal court only if it could have been filed there in the first place. *Strong v. Teletronics Pacing Sys., Inc.*, 78 F.3d 256, 256 (6th Cir. 1996). As the party invoking federal jurisdiction, a defendant seeking to remove a case bears the burden of establishing that the court

would have had original jurisdiction if the plaintiff filed suit in federal court in the first instance.  *See, e.g., Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989).  Courts strictly construe the removal statute and resolve all doubts in favor of remand.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

In general, "[f]ederal courts have original jurisdiction over two types of cases: cases that involve a federal question . . . and cases in which there is complete diversity of citizenship between the parties and the amount in controversy requirement is satisfied."  *Nessel ex rel. Mich. v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020) (citing 28 U.S.C. §§ 1331 & 1332(a)).

## I.     Diversity Jurisdiction

Under Section 1332, federal jurisdiction exists over a dispute between citizens of different states where the amount in controversy exceeds $75.000.00.  28 U.S.C. § 1332.  Diversity of citizenship "exists only when no plaintiff and no defendant are citizens of the same state."  *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999)).  A corporation has the citizenship of its state of incorporation and its principal place of business.  *Roberts v. Mars Petcare US, Inc.*, 874 F.3d 953, 956 (6th Cir. 2017).

Courts may recognize complete diversity despite early errors and noncompliance in disclosure of parties' citizenship.  *US Framing Int'l LLC v. Continental Building Co.*, 134 F.4h 423, 428–29 (6th Cir. 2025); *see also Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (determining that,

despite an error in the initial jurisdictional statements, subsequent briefs sufficed to identify citizenship and satisfy the amount in controversy.)

### I.A. Complete Diversity

Plaintiffs challenge the removal in part based on Defendant's alleged failure to establish complete diversity. (ECF No. 5, PageID #211–12.) Plaintiffs claim that Defendant shifts between different types of entities, failing to satisfy the complete diversity requirement. (*Id.*, PageID #212.) But Plaintiffs are mistaken. Even if Defendant included an erroneous analysis based on an unincorporated entity, the Court analyzes the facts in the record. *See Delay*, 585 F.3d at 1005.

Here, the record shows that Integon General Insurance is a corporation that is incorporated in and headquartered in North Carolina. (ECF No.1, PageID #2; ECF No. 2, PageID #203–04; ECF No. 6, PageID #218–220.) Therefore, it is a citizen of North Carolina. *Delay*, 585 F.3d at 1005. Likewise, National General Insurance is a citizen of North Carolina and Allstate Insurance is a citizen of Illinois. (ECF No. 2, PageID #203–04); *see Delay*, 585 F.3d at 1005. Because the motion to remand does not contest that Plaintiffs are domiciled in Ohio, Plaintiffs are considered citizens of Ohio. (ECF No. 1-1, ¶ 1, PageID #9.)

Regardless of the extraneous information included in the notice of removal, there is no question that complete diversity exists here—Plaintiffs are not citizens of the same State as any Defendant or any of its parent companies.

### I.B. Amount in Controversy

When determining the amount in controversy, punitive damages count, unless—the law of this Circuit says—it appears to a legal certainty that they cannot

be recovered. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 App'x 463, 471 (6th Cir. 2019) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). The removal statute requires only a short and plain statement of the grounds for jurisdiction that need not contain evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). To assert the amount in controversy, a defendant need only plausibly allege in its removal that the claim exceeds the jurisdictional threshold. *Id.* at 87. And a defendant need not "research, state and prove the plaintiff's claim for damages." *Hayes*, 266 F.3d at 572.

Plaintiffs claim that Defendant acted in bad faith in denying the coverage of their insurance claim. (ECF No. 1-1, ¶¶ 56–57, PageID #16.) Because of Defendant's alleged bad faith, Plaintiff seek additional damages separate from the value of their insurance claim and seek punitive damages. (*Id.*) Punitive damages, however, may be factored into the amount in controversy only if such damages are legally recoverable. *Heyman*, 781 App'x at 471.

Generally, Ohio law recognizes bad faith insurance claim denials as a cause of action sounding in tort. *See Scott Fetzer Co. v. Am. Home Assur. Co.*, 173 Ohio St.3d 256, 2023-Ohio-3921, 229 N.E.3d 70, ¶ 22 (2023). Therefore, an insurer that fails to exercise good faith when processing a claim—absent a reasonable justification— exposes itself to a cause of action by the insured. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 554, 1994-Ohio-461, 644 N.E.2d 397 (1994). Because insurance bad faith sounds in tort, an insured can seek punitive damages against the insurer. Ohio Rev. Code § 2315.21(B). Accordingly, a plaintiff can request—and recover—any

6

amount up to twice the amount of compensatory damages.  Ohio Rev. Code § 2315.21(D)(2)(a).  But punitive damages for insurance bad faith requires proof that the insurer acted with malice, fraud, or insult against the insured.  *Zoppo*, 71 Ohio St.3d 552 at 557.

Plaintiffs argue that Defendant "offers no competent, case-specific valuation evidence. . . showing that the amount at issue in this dispute more likely than not exceeds $75,000." (ECF No. 5, PageID #213.)  But in the notice of removal, Defendant allege that the amount in controversy exceeds $75,000.00 based on the damages Plaintiffs seek.  (ECF No. 1, ¶¶ 17–22, PageID #3–4.)  Specifically, Defendant points out that Plaintiffs seek punitive damages for Defendant's alleged bad faith denial of their claim.  (*Id.*)  Based on the value of the house and the potential damage to it, Defendants easily place in controversy an amount in excess of $75,000.00—even without punitive damages.  Taking punitive damages into account leaves no doubt about the matter.

## II.    Compliance with 28 U.S.C. § 1446(a)

Section 1446 provides the procedure for removal of civil actions from State court to federal court.  38 U.S.C. §1446.  Specifically, §1446(a) a notice of removal which requires a signature, a short, plain statement of the grounds for removal, and "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  38 U.S.C. §1446.  Courts strictly construe the removal statute and resolve all doubts in favor of remand.  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006).

7

Plaintiffs seek remand based on Defendant's alleged noncompliance with the procedural requirements for removal. (ECF No. 5.) In doing so, Plaintiffs allege that Defendant's notice of removal contained extraneous information and lacked a "clear affidavit/certification" that confirmed the filing was both complete and accurate. (*Id.*, PageID #214.) Also, Plaintiffs allege that Defendant failed to attach to the notice of removal "any" proof or affidavit of service "showing when and how documents were delivered" and that removal was untimely. (ECF No. 5, PageID #214.)

While the Court construes the removal statute strictly, the inclusion of extraneous materials does not violate the statute. *Eastman*, 438 F.3d at 549–50; *see also Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 916 (6th Cir. 2007) (holding that defendant's argument that the district court failed to request certain information from the State court failed where, under Section 1446(a), the defendants had the opportunity to provide the "court with any information they thought relevant to the removal determination") Here, the record shows that Defendant *did* include a certificate of service for the notice of removal. (ECF No. 1, PageID #6.) And the certificate indicates that the notice of removal was served to Plaintiffs' counsel by electronic mail. (*Id.*)

Additionally, under Section 1446(b)(1), a notice of removal must be filed within 30 days of defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1). The record shows that delivery of the initial pleading to the Defendant by certified-mail on May 8, 2026. (ECF No. 5, PageID #210–11.) Therefore, removal had to occur by June 7, 2026. However, June 7, 2026 was a

Sunday; so, removal had to occur by the next business day, which was June 8, 2026. Fed. R. Civ. P 6(a)(1)(C).  The record shows that Defendant's counsel filed the notice of removal on June 8, 2026.  (*Id.*)  Therefore, the removal was timely.

Accordingly, the Court discerns no procedural defect that defeats removal.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' motion to remand (ECF No. 5).

**SO ORDERED.**

Dated:  July 8, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio